# ThePostGame

4:15 cr 679

**Via Federal Express**

**Honorable Lynn N. Hughes**
**c/o David Bradley**
Clerk
Federal Building
515 Rusk St # 11122
Houston, TX 77002

United States District Court
Southern District of Texas
**FILED**

MAY 1 6 2016

David J. Bradley, Clerk of Court

Dear Mr. Bradley and Judge Hughes:

I am a reporter for The Post Game, one of the largest sports media publications in the United States. I am writing to ask that you please consider, as a matter of public interest, *sua sponte* partially unsealing the motion made by Chris Correa referenced in the attached article. If the entire motion cannot be unsealed, I would ask that it be ordered, *sua sponte,* redacted and unsealed.

The motion was filed under seal on or about April 27, 2016, by Mr. Correa's attorney David Adler. I am interested only in the papers filed.

For background, I am attaching an article written on this ruling by The St. Louis Post Dispatch.

My understanding is that former St. Louis Cardinals scouting director Chris Correa sought to subpoena the Houston Astros in advance of his sentencing next month for hacking. I also understand the motion had attachments. I understand that you ordered that "Chris Correa may not subpoena the Astros for production of documents."

At a hearing in January where Mr. Correa pleaded guilty, he admitted he hacked into the accounts of three Astros employees. We understand that Correa viewed information about aspiring players in the Astros' proprietary database called "Ground Control." Correa admitted that he "trespassed repeatedly," but said that he did so "based on suspicions that (the Astros) had misappropriated proprietary work from myself and my colleagues".

As you are no doubt aware, it has been widely reported in the media that when former Cardinals executive, and current Astros general manager Jeff Luhnow left to go to the Astros and he took his chief information officer and former Cardinals executive, Sig Mejdal, they allegedly took information that belongs to the St. Louis Cardinals.

I believe the exchange at the last hearing on this issue was as follows:

Judge Hughes: "So you broke in their house to find out if they were stealing your stuff?"
Correa: "Stupid, I know."

Correa would later claim that he told unidentified "colleagues" that he'd found information he claimed belonged to the Cardinals.

We are doing a story on both what the Cardinals knew, and what was taken by Mejdal and Luhnow. Our story also covers the damage to the Astros from these actions, and we understand that Chu estimated that the hacking cost the Astros $1.7 million, based on the team's scouting budget and the number of player files Correa examined.
I submit that at least a careful and at least partial release of the filings by Mr. Correa is in the public interest, along with a redaction of any matters that would warrant a sealing/redaction. This would be both consistent with the legal policy and purpose of sealing only what is necessary, as well as a public interest in both criminal proceedings. It also goes to a public discussion of, in the digital age, whether an employee is able to take with him information from one baseball team to a competitor baseball team.

As persuasive authority for this request, I have also enclosed an analogous request made by The New York Times in the United States District Court for the District of Columbia.

Thank you for your consideration,

S. Michael Kernan
Reporter
The Post Game
Direct: 310.490.9777

Former Cardinals scouting director can't subpoena Astros, judge rules in hacking case | Law and order | stltoday.com   5/12/16, 9:46 AM

# Law and order

http://www.stltoday.com/news/local/crime-and-courts/former-cardinals-scouting-director-can-t-subpoena-astros-judge-rules/article_83dce9b4-6340-5bdd-a6b9-87f7602d6847.html

# Former Cardinals scouting director can't subpoena Astros, judge rules in hacking case

By Robert Patrick St. Louis Post-Dispatch   May 9, 2016



St. Louis Cardinals general manager John Mozeliak (right), assistant general manager Mike Girsch (center) and baseball development analyst Christopher Correa (left) arrive from the baseball winter meetings in Dallas Thursday, Dec. 8, 2011, at Lambert-St. Louis International Airport in St. Louis, Mo. Photo by Chris Lee, clee@post-dispatch.com



Chris Correa, the former director of scouting for the St. Louis Cardinals, leaves the Bob Casey Federal Courthouse in Houston on Friday, Jan. 8, 2016. Correa pleaded guilty to five counts of

A federal judge has rejected an attempt by former St. Louis Cardinals scouting director Chris Correa to subpoena the Houston Astros in advance of his sentencing next month for hacking.

Correa attorney David Adler filed a sealed motion April 27 in U.S. District Court in Houston, with attachments.

The next day, U.S. District Judge Lynn N. Hughes entered a one-line order that said, "Chris Correa may not subpoena the Astros for production of documents."

Adler declined to comment Monday.

unauthorized access of a protected computer, access authorities said dated back several years. (AP Photo/Bob Levey)
Bob Levey

Assistant U.S. Attorney Michael Chu, who is prosecuting the case, could not be reached for comment.

The subpoenas could relate to cryptic comments made at a hearing in January where Correa pleaded guilty, admitting he hacked into the accounts of three Astros employees. Correa viewed information about aspiring players in the Astros' proprietary database called "Ground Control."

Correa admitted that he "trespassed repeatedly," but said that he did so "based on suspicions that (the Astros) had misappropriated proprietary work from myself and my colleagues," according to a copy of the transcript.

"So you broke in their house to find out if they were stealing your stuff?" Hughes summarized.

"Stupid, I know," Correa replied.

Correa would later claim that he told unidentified "colleagues" that he'd found information he claimed belonged to the Cardinals.

Officials from the Cardinals and Astros, including Astros general manager Jeff Luhnow, have repeatedly denied Correa's claims.

Correa's sentencing on five counts of unauthorized access to a protected computer is set for June 6. He could face three to four years under federal sentencing guidelines, which are partly based on financial loss.

At the January hearing, Chu estimated that the hacking cost the Astros $1.7 million, based on the team's scouting budget and the number of player files Correa examined.



### Robert Patrick
Robert Patrick is a reporter for the St. Louis Post-Dispatch.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 19 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE GRAND JURY SUBPOENA ) Misc. No. 11-261 (RCL)

## ORDER

The attached letter and news article, received in chambers, shall be filed in the record of this case.

It appears that the redaction of any references to the target of the investigation could be made so that the papers filed and the Court's opinion and order could be released to the public.

The movant and the government shall, within 10 days of this date, notify the Court of any proposed redactions.

**SO ORDERED** this 19th day of August, 2014.

Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

| | |
|---|---|
| From: | "Savage, Charles" <savage@nytimes.com> |
| To: | Sheldon Snook <sheldon_snook@dcd.uscourts.gov> |
| Date: | 08/15/2014 04:21 PM |
| Subject: | NYT reporter request for Judge Lamberth |

Hi Shelly - Would you kindly forward this message to Judge Lamberth's chambers? Thanks! Charlie

****

Dear Judge Lamberth,

I write to ask that you please consider, as a matter of public interest, partially unsealing a set of grand jury materials *sua sponte*. The materials consist of the papers filed in respect to a motion to quash a January 2011 subpoena to a reporter, Mike Levine. I am interested only in the papers filed and decision rendered on the motion, and any references identifying the target of the investigation can remain redacted.

For background, Mr. Levine, now of ABC News, was at the time a reporter for Fox News. He revealed the existence of the subpoena in a May 29, 2014, blog posting.
http://abcnews.go.com/Politics/justice-dept-vows-jail-reporters-jobs/story?id=23915952

The subpoena sought his testimony and notes regarding his confidential sources for a July 2009 news story about some then-sealed indictments related to an investigation into Somali-Americans from the Minneapolis area who were traveling to Somalia to fight alongside Al Shabab. Mr. Levine disclosed that the Public Integrity Section investigated the unauthorized disclosure of grand jury information, that the subpoena to him was issued in January 2011, that he fought it and never testified, and that the Justice Department dropped the matter 16 months later. It is my understanding that the underlying investigation into the leak has been closed without charges.

Because Mr. Levine avoided testifying for 16 months, it appears likely that attorneys for Mr. Levine and Fox News made a motion to you, in your capacity at the time as chief judge, seeking to quash the subpoena. Because the Justice Department was in a position to voluntarily withdraw the subpoena, it also appears that the government prevailed in that litigation.

As you are no doubt aware, the current administration has brought criminal charges in eight leak-related cases to date, compared with three under all previous administrations. One of those eight cases, involving the former C.I.A. official Roger Sterling, involves a subpoena to a reporter, James Risen, and has led to some groundbreaking litigation regarding the scope and limits of First Amendment protections for reporters in the Eastern District of Virginia and the Court of Appeals for the Fourth Circuit. Mr. Levine's disclosure that he, too, received a subpoena seeking to compel his testimony about confidential sources, has added to the public history of this era. I submit that a careful release of the presumed litigation before you, with appropriate redactions to protect the identity of the target or targets, would both be consistent with the legal policy purpose behind grand jury secrecy rules while also improving public understanding of this era and the important issues raised by it.

Thank you for considering it,


Charlie Savage

New York Times

Phone: 202-862-0317
Cell: 202-369-6653